## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PRIMROSE RETIREMENT COMMUNITIES, | ) | |
| LLC, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **Case No. 1:18-MC-130** |
| | ) | |
| OMNI CONSTRUCTION CO., INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### NON-PARTY FIDELITY AND DEPOSIT COMPANY OF MARYLAND'S
### MOTION TO QUASH AND OBJECTIONS TO SUBPOENA
### TO PRODUCE DOCUMENTS

Non-Party Fidelity and Deposit Company of Maryland ("F&D"), pursuant to Rule 45, moves this Court for an order quashing the subpoena to produce documents attached hereto as Exhibit 1. In support of this motion, F&D states:

### Factual and Procedural Background

The present action is an enforcement of judgment proceeding. Plaintiffs Primrose Retirement Communities, LLC and Jefferson City Retirement, LLC (collectively "Primrose") obtained an arbitration award against Omni Construction Co., Inc. ("Omni") in an arbitration proceeding that took place in South Dakota. Primrose then sought confirmation of the arbitration award in the United States District Court for the District of South Dakota. The District of South Dakota confirmed the award and entered judgment in favor of Primrose and against Omni. (Doc.1-1).  Primrose then registered the judgment from South Dakota in the Northern District of Ohio. (Doc. 1). In aid of execution, Primrose had a subpoena issued out of this Court to F&D requiring F&D to produce certain documents. (Exhibit 1). This subpoena was served on F&D in the Northern District of Illinois, and the place of compliance was in the Northern District of Ohio.

The factual background of the underlying arbitration award is that Primrose was the owner of a construction project in Jefferson City, Missouri. Omni was the contractor on the project. F&D executed a payment bond and performance bond ("Bonds") with respect to the construction contract between Primrose and Omni. F&D was not a party to the arbitration.

The subpoena seeks 12 separate categories of documents, most, but not all, of which relate to the Bonds. (Exhibit 1). As explained herein, the documents sought by Primrose exceed the scope of permissible discovery in aid of execution as set forth in Rule 69(a)(2). Primrose is only permitted to conduct discovery concerning the assets of Omni, and the documents sought do not relate to that purpose and appear to be directed at the underlying facts of this dispute between Primrose and Omni upon which judgment has already been entered or unrelated bonds issued by F&D that have no bearing on the collection of Primrose's judgment. Furthermore, Primrose failed to follow the required procedures of Rule 45 for the issuance of a subpoena, in that the record does not indicate that Primrose served the subpoena on Omni prior to service on F&D as required by Rule 45. Consequently, the Court should quash the subpoena. Additionally, F&D objects to the categories of documents being sought pursuant to Rule 45(d)(2)(B), and its objections are set forth herein.

## ARGUMENTS AND AUTHORITIES

### A.  Standards for Quashing a Subpoena Issued to a Nonparty in the Post-Judgment Context.

Rule 45 of the Federal Rules of Civil Procedure governs motions to quash subpoenas. "Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." *Lewis Envtl., Inc. v. Emergency Response & Training Sols., Inc.*, 1:17-CV-674, 2019 WL 285641, at *2 (S.D. Ohio

2

Jan. 22, 2019) (quoting Fed. R. Civ. P. 45(d)(3)) (emphasis added); *see also Hopp v. Arthur J. Gallagher & Co.*, 1:18-CV-507, 2019 WL 109368, at *2 (N.D. Ohio Jan. 4, 2019) (same). A court may quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

"In reviewing a motion to quash, the court may consider 'whether (i) the subpoena was issued primarily for the purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case.'" *F.T.C. v. Trudeau*, 1:12-MC-022, 2012 WL 6100472, at *2 (S.D. Ohio Dec. 7, 2012) (quoting *Bogosian v. Woloohojian Realty Corp.,* 323 F.3d 55, 66 (1st Cir.2003) (citing cases). "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *F.T.C.*, 2012 WL 6100472 at *2 (quoting *Recycled Paper Greetings,* No. 1:08–mc–13, 2008 WL 440458, at *3).

"Although Rule 45 does not specifically include irrelevance as a basis for quashing a subpoena, 'the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.'" *Doe v. Ohio State Univ.*, 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (quoting *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). "Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that '[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.'" *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207–08 (2d Cir. 2012) (quoting Fed.R.Civ.P. 69(a)(2)). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id.* Courts have

explained that "under Rule 69(a) and existing case law, the general rule is that non-party discovery is limited to a search for the defendant's hidden assets." *La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F. Supp. 3d 358, 361 (S.D.N.Y. 2014) (quoting *Costamar Shipping Co., Ltd. v. Kim–Sail, Ltd.,* 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995).

Moreover, "there are limits to post-judgment discovery regarding third parties and '[t]he party seeking such discovery must make 'a threshold showing of the necessity and relevance' of the information sought.'" *F.T.C.*, 2012 WL 6100472 at *2 (quoting *Michael W. Dickinson, Inc. v. Martin Collins Surfaces & Footings, LLC,* No. 5:11–CV–281, 2012 WL 5868903, at *2 (E.D.Ky. Nov.20, 2012) (quoting *Trs. of N. Fla. Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.,* 148 F.R.D. 662, 664 (M.D.Fla.1993)).

Consequently, in this case it is Primrose's burden to make a threshold showing that the documents sought from F&D are necessary and relevant to discovering the hidden assets of Omni.

**B.**   **The Court Should Quash the Subpoena Because the Documents Sought Are Not Relevant to Hidden Assets of Omni and Many Are Privileged.**

The documents sought by Primrose from F&D are not relevant to any hidden assets of Omni. A cursory review of the documents sought demonstrates that Primrose is not seeking documents limited to the assets of Omni. For example, Primrose's demand for documents in its second category demonstrates the broad and irrelevant scope of the subpoena. Category 2 seeks, "All documents information, files and records associated with or related to the Bonds." (Exhibit 1). In other words, this category is seeking every document that is somehow or someway related to the Bonds. The Bonds were obtained in 2013 in relation to a construction contract that was entered into on December 3, 2013. The requests are clearly not confined to the hidden assets of Omni. Thus, the subpoena is improper and should be quashed.

4

Additionally, Primrose cannot demonstrate that its subpoena to F&D or any third party is necessary. Primrose does not appear to have sought any information from Omni pursuant to Fed. R. Civ. P. 69(a)(2).[1] That rule permits Primrose to direct discovery and examine Omni to discover Omni's assets. Thus, the involvement of a third-party through a subpoena is unnecessary until such efforts to obtain financial information directly from the judgment debtor prove futile. A third-party should not be subject to a burdensome subpoena to discover the judgment debtor's assets until the judgment creditor demonstrates that it cannot obtain such information directly from the judgment debtor.

## C.   F&D's Specific Objections to the Categories of Documents in the Subpoena

In this section, F&D will lodge its specific objections to the categories of documents sought in the subpoena. These objections are being made: (1) to demonstrate that the Court should quash the subpoena pursuant to Fed. R. Civ. P. 45(d)(3); and (2) are to provide notice of F&D's objections pursuant to Fed. R. Civ. P. 45(d)(2)(B).

1.   Complete Copies of Payment Bond No. 09112003 and Performance Bond No. 09112003 (the "Bonds") executed and issued by F&D and Deposit Company of Maryland ("F&D") with respect to the Construction Contract between Omni Construction Co., Inc. ("Omni") as Contractor and Primrose Retirement Communities, LLC ("Primrose") as Owner for construction of a Project located at Jefferson City, Missouri.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Furthermore, typically the bond obligee, in this case Primrose, would have the Bonds.  Therefore, this category appears to be unnecessary.

---

[1] The docket sheet from the District of South Dakota is attached as Exhibit 2. It demonstrates that Primrose has not sought examination of Omni in the District of South Dakota. The docket sheet in this case demonstrates that Primrose has not sought to examine Omni in this Court. It is unknown whether Primrose has sought to examine Omni to discover its assets in any other District Court.

2.      All documents, information, files and records associated with or related to the Bonds.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, it is overbroad and unduly burdensome in that it seeks all documents, information, files and records associated with the Bonds without limitation. This category also seeks information and documents protected by the attorney-client privilege and/or work product doctrine as well as confidential and proprietary information of F&D relating to its underwriting with respect to the Bonds.

3.      All documents, information and records related to or associated with the application for and issuance of the Bonds.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, it is overbroad and unduly burdensome in that it seeks all documents, information, files and records associated with the application for and issuance of the Bonds without limitation. This category also seeks information and documents protected by the attorney-client privilege and/or work product doctrine as well as confidential and proprietary information of F&D relating to its underwriting with respect to the bonds.

4.      All underwriting files, documents, information and records related to the Bonds.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, it is overbroad and unduly burdensome in that it seeks all underwriting files, documents, information, and records related to the Bonds without limitation. This category also seeks information and documents protected by the attorney-client privilege and/or work product doctrine as well as confidential and proprietary information of F&D relating to its underwriting with respect to the Bonds.

5.      All claims files, documents, records and information related to any claims made or threatened or potential claims by any person or entity under or against the Bonds, including all documents and information relating to the investigation, evaluation, resolution or disposition of any such claims.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, the category is overbroad and unduly burdensome without any limitations. This category also seeks documents protected by the attorney client privilege and/or work product doctrine.

6.      All documents, records and information reflecting or related to any claims or losses paid to date by F&D under either of the Bonds.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, the category is overbroad and unduly burdensome without any limitations. This category also seeks information and documents protected by the attorney-client privilege and/or work product doctrine as well as confidential and proprietary information of F&D relating to its reporting with respect to claims and losses.

7.     All documents, information, files and records pertaining to any General Indemnity Agreement ("GIA") associated with the Bonds.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, the category is overbroad and unduly burdensome without any limitations.  This category seeks documents that are protected by the attorney-client privilege and/or work product doctrine as well as confidential and proprietary information of F&D relating to its underwriting of the Bonds.

8.     All financial statements and information received or obtained at any time with respect to Omni or with respect to each of the indemnitors under the GIAs.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, the category is overbroad and unduly burdensome without limitation. This category also seeks documents that are protected by the attorney-client privilege and/or work product doctrine as well as the confidential and proprietary information of F&D relating to its underwriting of bonds for Omni. Additionally, financial statements of other indemnitors are confidential.

9.     All correspondence and written communications to and from the Indemnitors or their attorneys, including with respect to any tenders or demands made by F&D its representatives or attorneys upon the Indemnitor with respect to any claims or potential claims under the Bonds.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. Moreover, the category is overbroad and unduly burdensome without limitation. This category also seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

10.    All correspondence and written communications between F&D, its representatives, or attorneys, and Omni, its representatives, or attorneys with respect to (a) the Notice of Termination dated November 14, 2014 from Primrose to Omni; (b) the preliminary notice of claims dated June 24, 2015 pursuant to the terms of the contract and Payment Bond; (c) the arbitration between Omni and Primrose filed with and administered by the American Arbitration Association, AAA Case no. 01-14-0002-1753 including the Final Award of Arbitrators dated August 30, 2018; and

(d) the civil action commenced by Primrose in United States District Court for the District of South Dakota, Case No. 1:18-CV-012021-RAL to confirm and enter Judgment upon the Award against Omni.

Objection: This category seeks documents that are not related to the hidden assets of Omni and are not relevant to this proceeding. This category also seeks documents that are protected by the attorney-client privilege and/or work product doctrine.

11.    All documents, files, records and information with respect to any bonding account, bonding limits, bond line or bond facility applied for, approved, or established for Omni by F&D, including all application and underwriting materials or information for the same, and documents and information regarding any reviews, revisions, modifications, or revocation of the same.

Objection. This category seeks documents unrelated to the hidden assets of Omni and are not relevant to this proceeding. Moreover, the category is overbroad and unduly burdensome without limitations.  This category also seeks documents that contain confidential and proprietary information of F&D and others.

12.    All documents and information pertaining to Payment and Performance Bonds issued for Omni at any time since January 1, 2013 with respect to any Projects other than Jefferson City, Missouri, including information as to the date of the Bonds, the Owner, the location of the Project, the amount of the Contract/penal sum; and any claims made or losses paid under such other Bonds.

Objection. This category seeks documents unrelated to the hidden assets of Omni and are not relevant to this proceeding. Moreover, the category is overbroad and unduly burdensome without limitation.   This category also seeks documents that are protected by the attorney-client privilege and/or work product doctrine as well as the confidential and proprietary information of F&D and others.

**D.    The Subpoena Should Be Quashed Because the Record Does Not Demonstrate Compliance with Rule 45(a)(4).**

In addition to the reasons set forth above, this Court should quash the subpoena because the record does not demonstrate that Primrose complied with Fed. R. Civ. P. 45(a)(4). That rule requires a party serving a subpoena to serve a copy of the subpoena on all parties prior to service on the person to whom it is directed. It states:

(4) *Notice to Other Parties Before Service*. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to

8

whom it is directed, a notice and a copy of the subpoena must be served on each party.

The record does not demonstrate that Primrose served this subpoena on Omni. The docket sheet does not demonstrate that it was filed with the Court, no certificate of service has been filed, nor does the subpoena itself demonstrate that it was served on Omni before it was served on F&D.

With respect to discovery in aid of execution, judgment debtors have standing to seek to quash or modify third-party subpoenas. *See ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (holding that judgment debtor had standing to quash a subpoena to a third-party because the subpoena sought the judgment debtor's financial information). However, a judgment debtor must have notice of the issuance of the subpoena before it can exercise its rights if it so chooses. Thus, this Court should quash the subpoena for failure to comply with the notice provisions of Fed. R. Civ. P. 45(a)(4).

## <u>CONCLUSION</u>

The subpoena served on F&D is not relevant to the assets of Omni. Therefore, the subpoena exceeds the scope of discovery permitted by Fed. R. Civ. P. 69(a)(2). Additionally, the subpoena itself is objectionable on other grounds as set forth above. Finally, Primrose has failed to comply with the notice provisions of Fed. R. Civ. P. 45(a)(4). Consequently, the Court should quash the subpoena and grant F&D such other and further relief as the Court deems just and proper.

/s/ Lee M. Brewer
Lee M. Brewer (0041287)
Jonathan M. Bryan (0065032)
Bryan & Brewer, LLC
355 East Campus View Boulevard
Suite 100
Columbus, OH  43235
Telephone: (614) 228-6131
Fax: (614) 228-6126
E-mail:  lbrewer@bryanandbrewer.com
jbryan@bryanandbrewer.com
*Attorneys for Defendant Fidelity and*
*Deposit Company of Maryland*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was delivered via U.S. and electronic mail to Tami H. Kirby of the law firm of Porter Wright Morris & Arthur LLP, One S. Main Street, Suite 1600, Dayton, Ohio 45401 and via electronic mail at tkirby@porterwright.com on this 15th day of March, 2019.

/s/ Lee M. Brewer
Lee M. Brewer (0041287)

10