# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PRIMROSE RETIREMENT COMMUNITIES, L.L.C., *et al.*, | ) )  Case No. 1:18 MC 130 ) |
| Plaintiffs, | ) )  Judge Sara Lioi |
| v. | ) ) |
| OMNI CONSTRUCTION COMPANY, INC., | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA ISSUED TO NON-PARTY JL ASSOCIATES, INC.

Plaintiffs Primrose Retirement Communities, L.L.C. and Jefferson City Retirement, L.L.C. ("**Plaintiffs**" or "**Primrose**") respectfully move this Court, pursuant to Federal Rules of Civil Procedure 45(c)(2)(B)(i) and 69(a)(2), to compel the production of documents in response to a subpoena served on non-party James Leikin, Certified Public Accountant of JL Associates, Inc. ("**JL Associates**") on February 28, 2019. The subpoena seeks copies of documents relevant to ascertaining the assets (or the transfer of assets) of Defendant Omni Construction Company, Inc. ("**Defendant**" or "**Omni Construction**") in order to enforce Plaintiffs' judgment. JL Associates has refused to comply with parts of the subpoena relating to the disclosure of tax and financial information of Omni Construction's president and sole shareholder, Richard Stone ("**Mr. Stone**"), and his wife, Suzanne Stone ("**Mrs. Stone**"). JL Associates claims the information of non-parties Mr. Stone and Mrs. Stone is protected under an "accounting privilege," which does not exist under Ohio or federal law. Accordingly, Plaintiffs respectfully ask this Court for an Order holding JL Associates in contempt of this Court, ordering JL Associates to produce the requested material within fourteen days of that Order, and for the

Court to exercise its inherent power to issue sanctions against JL Associates for failing to comply with the subpoena. The full legal and factual grounds for this Motion are set forth in the accompanying Memorandum in Support.

Respectfully submitted,

/s/ Tami Hart Kirby
Tami Hart Kirby, Esq. (0078473)
PORTER WRIGHT MORRIS & ARTHUR LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402-2028
Telephone: (937) 449-6721
Facsimile: (937) 449-6820
E-mail: tkirby@porterwright.com

*Counsel for Plaintiffs*

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

On October 25, 2018, Plaintiffs obtained a judgment confirming an arbitration award of $3,256,996.98, plus interest, against Defendant Omni Construction in the United States District Court for the District of South Dakota. The judgment was later registered in the Northern District of Ohio on December 13, 2018. Plaintiffs now seek post-judgment discovery to identify assets available to satisfy its judgment against Omni Construction.

On February 28, 2019, Plaintiffs served a subpoena to non-party JL Associates, the former accounting firm for Defendant Omni Construction. *See Exhibit A*, Subpoena to Produce Documents and Information. The subpoena commanded that JL Associates produce the requested documents and information by March 23, 2019, giving it a reasonable amount of time to respond or file a motion if needed. *Id.* To date, JL Associates has failed to respond to the subpoena, and has not filed a timely motion stating its objections with this Court. JL Associates' counsel did reach out to Plaintiffs' counsel and indicated that its position was that it did not have to comply with the subpoena due to an accounting privilege. Subsequently, JL Associates' counsel indicated that it would respond to the subpoena solely as it concerned Omni Construction.

The subpoena sought specified tax and financial information about Defendant Omni Construction. *Id.* The subpoena also sought specified tax and financial information about Omni Construction's president and sole shareholder, Mr. Stone, and his wife, Mrs. Stone. *Id.* Although Mr. and Mrs. Stone were not parties to Plaintiff's litigation against Omni Construction, their tax and financial information is relevant to discovering any potential transfers or concealment of Omni Construction's assets. Especially as the president and sole shareholder of

Omni Construction, Mr. Stone and his wife's tax and financial information is necessarily intertwined with the discovery of Omni Construction's assets.

While JL Associates has not contested the relevance of this information or filed any motion with the Court raising its objections, it refuses to produce documents or information about Mr. and Mrs. Stone responsive to the subpoena. JL Associates claims that Mr. and Mrs. Stone's information is protected by an "accounting privilege," which does not exist under Ohio or federal law. Counsel for Plaintiffs has informed counsel for JL Associates that there is no basis for raising an "accounting privilege" under Ohio or federal law, and requested compliance with the subpoena by April 19, 2019. *See Exhibit B*, Letter from Tami Kirby to Jeffrey Leikin, April 16, 2019; *Exhibit D*, Email from Jeffrey Leikin to Tami Kirby, April 16, 2019, 12:55 PM. On April 22, 2019, JL Associates' counsel indicated that it would *only* provide the corporate tax returns of Omni Construction. *See Exhibit C*, Email from Jeffrey Leikin to Tami Kirby, April 22, 2019, 11:25 AM. Despite Counsel for Plaintiffs' good faith efforts to resolve the dispute without court intervention, JL Associates still refuses to provide the documents and information necessary to comply with the subpoena. Having reached an impasse, Plaintiffs now turn to this Court for its intervention.

## II.  LAW & ARGUMENT

### A. Post-Judgment Discovery Standard Permits Gathering Sensitive Tax & Financial Information from Non-Parties

A judgment creditor is entitled to discovery regarding assets available to satisfy its judgment. *Regions Bank v. Gateway Hous. Found.*, 732 F. App'x 402, 403 (6th Cir. 2018); *see also Hardy Indus. Techs., LLC v. BJB LLC*, No. 1:12 CV 3097, 2017 U.S. Dist. LEXIS 206689, at *6 (N.D. Ohio Dec. 15, 2017) (post-judgment discovery can be used to ascertain the "existence or transfer of the judgment debtor's assets"); *Ranney-Brown Distributors, Inc. v. E. T.*

*Barwich Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) (under Rule 69, judgment creditors are permitted discovery in order to ascertain what assets exist or have been fraudulently transferred); Fed. R. Civ. P. 69(a)(2).[1]

Rule 69(a)(2) allows a judgment creditor to obtain discovery from "any person" in aid of the judgment or execution, including from a non-party using a subpoena pursuant to Rule 45. *Hardy Indus. Techs.*, 2017 U.S. Dist. LEXIS 206689 at *5. "The scope of post-judgment discovery is broad, and a judgment creditor can use the 'full panoply' of discovery measures available." *Id.* at *5-6 (quoting *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007); *Lucas v. Jolin*, No. 1:15-cv-108, 2016 U.S. Dist. LEXIS 139100, at *3 (S.D. Ohio Oct. 6, 2016)).

Post-judgment discovery is appropriate against a non-party in situations where the non-party has "'special knowledge regarding the [judgment debtor's] assets,'" or "'where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them.'" *Id.* at *6 (quoting *Lewis v. United Joint Venture*, No. 4:10-MC-00061, 2010 U.S. Dist. LEXIS 133926, at *7-8 (N.D. Ohio Dec. 16, 2010)); *Hardy Indus. Techs.*, 2017 U.S. Dist. LEXIS 206689 at *8-9.

Even if the requested information includes a non-party's confidential information, it is discoverable if relevant to plaintiff's efforts to discover defendant's assets and whether the assets could be executed against. *See Hardy Indus. Techs.*, 2017 U.S. Dist. LEXIS 206689 at *8-9 (N.D. Ohio Dec. 15, 2017) (compelling discovery of non-party's banking transactions and other confidential information when evidence demonstrated the non-party had special knowledge about defendant's assets and transfer of assets); *Aetna Group USA, Inc. v. AIDCO Int'l, Inc.*, No. 1:11-mc-023, 2011 U.S. Dist. LEXIS 61286, at *12-17 (S.D. Ohio June 8, 2011) (compelling

---

[1] Rule 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

3

discovery of non-party and his wife's tax and financial information when non-party had owned 100% of defendant company and discovery was relevant to determining whether non-parties received income or assets from the dissolution of defendant company); *National Union Fire Ins. Co. v. Van Waevenberghe*, 148 F.R.D. 256 (N.D. Ind. 1993) (holding that information regarding employment, assets, and finances of judgment debtor, as well as his wife, were relevant and material, even though debtor's wife was not defendant or judgment debtor).

In this case, Plaintiffs are entitled to post-judgment discovery of both Defendant Omni Construction's assets, and Mr. Stone's and Mrs. Stone's tax and financial information. After Plaintiffs obtained a large judgment against Omni Construction, the company ceased doing business. The assets of Omni Construction are largely unaccounted for, which raises many questions regarding whether those assets may have been transferred elsewhere in an attempt to shield them from Plaintiffs' judgment execution efforts. As the President and sole shareholder of Omni Construction, Mr. Stone is necessarily intertwined with Omni Construction, and is in the best position to know about Omni Construction's assets and transfer of assets. Plaintiffs are confident that access to Mr. and Mrs. Stone's tax and financial information is necessary to uncover possible concealment or transfers of Omni Construction's assets.

### B. Blanket Claim of Non-Existent "Accounting Privilege" is Unavailing

Subpoenas should generally be enforced when the documents sought are relevant and sought for good cause, unless the information is privileged or the subpoena is unreasonable. *Aetna Group USA*, 2011 U.S. Dist. LEXIS 61286 at *6 (quoting *Waldemar E. Albers Revocable Trust v. Mid-America Energy, Inc.*, Nos. 5:08-cv-274, 3:07-cv-421, 2008 U.S. Dist. LEXIS 81744, at *1 (E.D. Ky. Oct. 10, 2008)). Any person who withholds subpoenaed information under a claim that it is privileged must "expressly make the claim" and " describe the nature of

4

the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(c)(2)(A).

The burden to establish privilege rests upon the person or entity withholding the subpoenaed information. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999). A mere blanket assertion that requested documents are privileged is insufficient to meet this burden. *See, e.g., Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-CV-1011, 2010 WL 2730657, at *2 (N.D. Ohio July 2, 2010). Furthermore, "[a] claim of privilege cannot be used as a means to conceal assets to prevent execution of judgment." *Aetna Group USA, Inc. v. AIDCO Int'l, Inc.*, No. 1:11-mc-023, 2011 U.S. Dist. LEXIS 61286, at *6 (S.D. Ohio June 8, 2011) (citing *G-Fours, Inc. v. Miele*, 496 F.2d 809 (2d Cir. 1974)).

JL Associates has utterly failed to meet its burden to establish any valid claim of privilege. JL Associates has done nothing more than claim that the information sought is protected by an "accounting privilege," which does not exist under Ohio or federal law. *See generally, Couch v. United States,* 409 U.S. 322, 335 (1973); R.C. § 2317.02; *In re Frye,* 155 Ohio St. 345 (Ohio 1951); *Wagenheim v. Alexander Grant & Co.*, 19 Ohio App. 3d 7 (10th Dist. 1983). JL Associates and its counsel have failed to provide Plaintiffs with any legal basis to support its position. JL Associates has failed to file a motion with this Court to state its objections or to raise any issue of privilege. This blanket assertion of a nonexistent "accounting privilege" amounts to nothing more than a means to conceal Omni Construction's assets, and to interfere with Plaintiffs' judgment execution efforts. As such, its claim of privilege is unavailing, and JL Associates should be compelled to produce the subpoenaed documents and information.

### C. Sanctions Should be Issued Against JL Associates

Pursuant to Fed. R. Civ. P. 45(g), Plaintiffs request that this Court hold JL Associates in contempt for failing to comply with the subpoena. Furthermore, Plaintiffs request for the imposition of sanctions against JL Associates. *See Adams v. Penn Line Servs.,* 620 F. Supp. 2d 835 (N.D. Ohio 2009). This Court has the inherent power to impose sanctions against a non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Am. Trust v. Sabino,* No. 99-4214, 2000 U.S. App. LEXIS 25404, at *1 (6th Cir. 2000). In the Sixth Circuit, a court need not find the conduct sanctionable under any other rule or statute to apply its inherent powers to impose sanctions. *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 512 (6th Cir. 2002). In this case, JL Associates has taken a meritless position that is not supported by Ohio law in not responding to the subpoena. As of this date, JL Associates has not produced any documentation responsive to the subpoena. Due to JL Associates' flagrant disregard in responding to the subpoena, Plaintiffs request that this Court utilize its inherent authority to issue sanctions against JL Associates, including but not limited to, Plaintiffs' attorneys' fees incurred in filing this Motion.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that pursuant to Fed. R. Civ. P. 45(g) the Court hold JL Associates in contempt, compel JL Associates to fully produce the documents and information responsive to Plaintiffs' subpoena within fourteen days, and issue sanctions against JL Associates, including Plaintiffs' attorneys' fees, as precipitated by the refusal of JL Associates to comply with the subpoena.

Respectfully submitted,

/s/ Tami Hart Kirby
Tami Hart Kirby, Esq. (0078473)
PORTER WRIGHT MORRIS & ARTHUR LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402-2028
Telephone: (937) 449-6721
Facsimile: (937) 449-6820
E-mail: tkirby@porterwright.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 2, 2019, a true and accurate copy of the foregoing Plaintiffs' *Motion to Compel Production of Documents in Response to Subpoena Issued to Non-Party JL Associates, Inc.* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. The foregoing was also was served via regular U.S. mail and electronic mail upon:

Jeffrey A. Leikin, LLC
55 Public Square, Suite 2100
Cleveland, OH 44113
Phone: 216-230-8759
Email: jleikin59@gmail.com

*Attorney for non-party JL Associates, Inc.*

/s/ Tami Hart Kirby
Tami Hart Kirby, Esq. (0078473)

DMS/12257744v.2