IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | | |
|---|---|---|---|
| PRIMROSE RETIREMENT | ) | CASE NO. | 1:18 MC 130 |
| COMMUNITIES, LLC ET AL., | ) | | |
| | ) | | |
| Plaintiffs, | ) | JUDGE: | SARA LIOI |
| | ) | | |
| -vs- | ) | | |
| | ) | | |
| OMNI CONSTRUCTION CO., INC | ) | **THIRD PARTY JL ASSOCIATES, INC** | |
| | ) | **OPPOSITION TO PLAINTIFFS'** | |
| Defendant. | ) | **MOTION TO COMPEL DOCUMENTS** | |

The Third Party JL Associates, Inc., hereby submits its opposition to the

Plaintiff's Motion to Compel Documents in Response to Subpoena Issued to Non-Party JL

Associates, INC. (Hereinafter referred to as "JL Associates"). In short, the Plaintiffs' Motion has

mischaracterized and misrepresented the chronology of events leading up to the July 2, 2019

filing.

I.    INTRODUCTION

As is evident from the face of Plaintiffs' subpoena, the documents that

have been subpoenaed requested that James Leikin, president of JL Associates produce records

on March 23, 2019. As was confirmed by email correspondence (attached) Plaintiffs' Counsel

Tami Hart Kirby, Esq. excused Mr. Leikin from this subpoena prior to the date of the

appearance. No additional subpoena was issued for JL Associates or Mr. Leikin to appear or

produce documents.

Second, despite representations by Plaintiffs' Counsel to the contrary, the records

requested were, in part, ready to be provided at the time of Plaintiffs' Motion, and, in part,

objected to on relevancy grounds, not the basis of an accounting privledge. The relevancy

objection was based upon the fact that Richard Stone and his wife are not parties to this case, and their personal tax returns are irrelevant.

Lastly, no communication was made by Plaintiffs' Counsel to attempt to resolve any discovery dispute prior to filing Plaintiffs' Motion. In fact, Counsel for JL Associates was awaiting a return phone call at the time the Motion was filed as in order to resolve any remaining issues relative to the document production.

II.      STATEMENT OF FACTS

The subpoena issued by Plaintiffs in this case was defective. There is no indication that notice was served upon the other parties in this action as required by Federal Rule of Civil Procedure 45(a)(4) of the *service* of the subpoena. In addition, no witness fee was provided as required by Federal Rule of Civil Procedure 45(b)(1), despite the required attendance of Mr. Leikin. Despite these defects, upon receiving the subpoena, Counsel for JL Associates immediate contacted Plaintiffs' Counsel to discuss the matter and see what could be worked out to produce those documents that Plaintiffs would be entitled to receive.

Upon initial contact with Plaintiffs' Counsel, Tami Hart Kirby, Esq. let Mr. Leikin know that he was excused from attendance for the March 23, 2019 date. Additionally, JL Associates Counsel began the conversation as to what documents *could* be produced. Initially Counsel asserted privledges to the documents based upon the relationship between the JL Associates and the Defendant in the case. After discussion and a review of the case law, this objection was withdrawn.

Subsequently, Counsel for JL Associates indicated that the Corporate returns of Defendants would be voluntary produced. However, without some demonstration of relevancy to the case, the personal returns of Richard and Suzy Stone would not be produced. At last word

Plaintiffs' Counsel was going to check with her client as to whether such production was acceptable. Counsel from JL Associate never received this response until Plaintiffs' Counsel called to advise of the filing of Plaintiffs' Motion to Compel in early August, 2019.

It is noteworthy that Counsel for the Plaintiffs' has made a habit of not promptly getting back to Counsel for JL Associates. These set of facts are germane to this issue:

1. Upon receiving the subpoena, Counsel called Plaintiffs' Counsel on March 1, 2019 to discuss the issues involved with production of the documents. It was not until March 18, 2019 that Plaintiffs' Counsel responded, after a second email was sent. The response indicated that Plaintiffs' Counsel would discuss Counsel's objections to the production of documents with her client;

2. It was not until April 16, 2019 that Plaintiffs' Counsel responded to Counsel's objections. In this response, Plaintiffs' Counsel requested that all documents be produced in 3 days or a "legal basis supporting" JL refusal needed to be presented. Counsel responded that day, April 16, 2019 and again on April 18, 2019. On these occasions, Counsel stated JL Associates position that the tax returns would be provided as to the Defendant Omni Construction Company, but not as to Richard Stone and his wife since they were not parties to the action and these materials were not relevant to the case;

3. On April 18, 2019 Plaintiffs' Counsel indicated that she would discuss the relevancy position with her client. Counsel did not again receive a definitive answer on this issue until the August phone call and filing of this Motion. The Defendant Omni's returns were never sent;

4. Immediately after this Court's conference call with Counsel, Counsel For JL Associates called Plaintiffs' Counsel to discuss resolution of these issues. Despite three (3) phone messages since that time, Counsel for JL Associates has still not reached Plaintiffs' Counsel to discuss its Motion, thereby rendering this opposition brief necessary.

As a result, no Motions to quash, no Motions for Protective Orders and no objections were filed by Counsel for JL Associates, Inc. to the production of these documents with the Court. In fact, the Motion to Compel file by Plaintiffs' in this case was a complete surprise to Counsel, and no service of this Motion has ever been made by Plaintiffs' Counsel to JL Associates or its Counsel. The Motion was only received by virtue of Counsel's initiative to acquire the pleading from this Court's docket.

III.     LAW AND ARGUMENT

Once again, as previously stated, Counsel for JL Associates was unaware that there was a requirement and due date for the production of these documents. In addition, Counsel for JL Associates was awaiting a response from Plaintiffs' Counsel and was unaware that issues had progressed to the point that a Rule 37 Motion would be filed. Under these circumstances, a Motion to Compel is improper. See Federal Rule of Civil Procedure 37(a)(1). In other words, in the end no good faith effort to resolve differences was made by Plaintiffs' Counsel.

Ultimately JL Associates has now produced the Defendant Omni tax returns as required by this Court. However, Plaintiffs' have not demonstrated how the personal tax returns of Richard and Suzy Stone are relevant to the issues involved in this collection action against Omni Construction Company.  In order for documents to be discovered they must be relevant to a party's claim or defense. See Federal Rule of Civil Procedure 26(b)(1). The burden to demonstrate relevancy in this case is on the Plaintiffs. No such relevancy has been demonstrated in the Plaintiffs' Motion to Compel. See Plaintiffs' Motion.

Rather, Plaintiffs' Counsel has falsely represented to this Court that JL Associates has not contested the relevancy of these documents. See Motion to Compel at p. 2 para. 2. The only relevancy argument moved forward by Plaintiffs' Counsel as to the relevancy of the personal returns of Richard and Suzy Stone was a lone statement in Plaintiffs' Motion that "Plaintiffs are confident that access to Mr. and Mrs. Stones's tax and financial information is necessary to uncover possible concealment or transfers of Omni Construction assets". See Motion to Compel at p. 4 para.1.

Of further note is Plaintiffs failure to inform this Court that they have recently filed an action in this Court against the individual Richard and Suzy Stone. That case is pending

before the Honorable Judge James Gwin. The relevancy of these documents is probably better advanced in that case.

IV.    CONCLUSION

Accordingly, for the foregoing reasons, Non-Party JL Associates hereby requests that this Honorable Court deny the Plaintiffs' Motion to Compel as well as it Motion for Sanctions.

Respectfully submitted,


/s/ Jeffrey A. Leikin, Esq.
Jeffrey A. Leikin, Esq. (0005344)
25201 Chagrin Blvd., Suite 270
Cleveland, OH  44113
(216) 816-3204
Jleikin59@gmail.com

COUNSEL FOR JL ASSOCIATES


<u>**CERTIFICATE OF SERVICE**</u>

A copy of the foregoing was sent via electronic mail this 29th day of May, 2019 to the following:

Tami Hart Kirby                          Attorney for the Plaintiffs
Porter Wright
One South Main Street, Suite 1600
Dayton, Ohio 45402-2028


/s/Jeffrey A. Leikin_____
Jeffrey A. Leikin, Esq. (0005344)

COUNSEL FOR JL ASSOCIATES