**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| PRIMROSE RETIREMENT COMMUNITIES, L.L.C., *et al.*, | ) ) ) | Case No. 1:18 MC 130 |
| Plaintiffs, | ) ) | |
| | ) | Judge Sara Lioi |
| v. | ) ) | |
| OMNI CONSTRUCTION COMPANY, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA ISSUED TO NON-PARTY JL ASSOCIATES, INC.**

Plaintiffs Primrose Retirement Communities, L.L.C. and Jefferson City Retirement, L.L.C. ("**Plaintiffs**" or "**Primrose**") respectfully reply to Third Party JL Associates, Inc.'s ("**JL Associates**") Opposition ("**Opposition**") to Plaintiffs' Motion to Compel Production of Documents in Response to Subpoena ("**Subpoena**") Issued to Non-Party JL Associates, Inc. ("**Motion**") as follows:[1]

I.      **INTRODUCTION**

On February 28, 2019, Plaintiffs served a subpoena (the "**Subpoena**") to non-party JL Associates, the former accounting firm for Defendant Omni Construction Company Inc. ("**Omni Construction**") *See Plaintiffs' Motion at Exhibit A*, Subpoena to Produce Documents and Information.  The Subpoena commanded that JL Associates produce the requested documents and information by March 23, 2019, giving it a reasonable amount of time to respond or file a

---

[1] Plaintiffs incorporate by reference their Motion as if restated herein.

motion if needed. *Id.* Plaintiffs' counsel confirmed with JL Associates' counsel that it did not anticipate that Mr. Leikin appear in person, only that the documentation be produced. Subsequently, JL Associates' counsel objected to responding to <u>any documents</u> due to an accounting privilege. Plaintiffs' counsel indicated that JL Associates did not need to respond to this Subpoena while Plaintiffs' counsel researched the alleged accounting privilege and discussed this issue with Plaintiffs.

Thereafter, Plaintiffs' counsel responded to JL Associates' counsel that there was no such accounting privilege under Ohio law providing that JL Associates did not have to respond to the Subpoena, and further requested compliance with the Subpoena. Thereafter, JL Associates' counsel indicated that it would respond to the Subpoena solely as it concerned Omni Construction's tax returns, and would do so only if this would be deemed full compliance with the Subpoena. Since JL Associates refused to provide any financial documentation concerning Omni Construction Company, and its president and sole shareholder, Mr. Stone, and his wife, Mrs. Stone (collectively, the "**Stones**"), Plaintiffs filed this Motion. JL Associates now alleges that it objects to responding to the Subpoena on the basis of relevancy. *JL Associates' Opposition at p. 2* (stating that, the "objection was based upon the fact that Richard Stone and his wife are not parties to this case, and their personal tax returns are irrelevant"). JL Associates has not objected on the basis of relevancy in providing all of Omni Construction's financial documentation. *Id.*

After the filing of this Motion and the conference with this Court, JL Associates produced the tax returns for Omni Construction from years 2015-2018. These tax returns are all dated as of <u>August 14, 2019</u>. *See Exhibit A,* Redacted Tax Returns attached hereto. Thereafter,

Plaintiffs' counsel inquired as to the following documentation relating to Omni Construction: financial statements, documents reviewed or used in preparation of the tax returns, and schedules, attachments and related documents concerning the tax returns. *See Exhibit B,* Email from Tami Hart Kirby to Jeffrey Leikin dated August 23, 2019 attached hereto. All of these documents were requested in the Subpoena. Thereafter, JL Associates' counsel indicated that JL Associates has not done work for the company in some time, but provided the year-end financial statements for Omni Construction from 2015-2018. *Id*. JL Associates' counsel indicated that this is all of the documentation in JL Associates' possession concerning Omni Construction. *Id*.

However, the tax returns are all dated as of <u>August 14, 2019</u> and the 2018 year-end financials and 2018 tax returns had to have been produced this year. *Id.* Consequently, it is unfathomable that there is not additional financial documentation in JL Associates' possession and control concerning Omni Construction.[2] Furthermore, JL Associates has not indicated that it does not have financial documentation in its possession concerning the Stones. Rather, JL Associates has asserted that it will not produce this information because it does not believe that this documentation is relevant in this matter. Since that this financial documentation is indeed relevant to Plaintiffs' post-judgment collection action, Plaintiffs request that this Court grant their Motion.

---

[2] With regard to the Motion, as soon as Plaintiffs' counsel learned that JL Associates' counsel did not receive service of the Motion to Compel, Plaintiffs' counsel filed an Amended Certificate of Service and alerted the Court that JL Associates needed to be afforded an opportunity to respond to the Motion.

## II.     LEGAL ARGUMENT

### A.     Service of the Subpoena Upon Omni Construction

JL Associates indicates that the Subpoena was defective since it was not served upon other parties in this action. However, the Subpoena was served upon the other parties in this action. *See Exhibit C*, Service of Subpoena attached hereto (without enclosures). Omni Construction has never filed a written objection to the Subpoena. As indicated above, Mr. Leikin did not have to attend in person in response to the Subpoena, and therefore JL Associates' allegation that no witness fee was tendered is moot. JL Associates has never filed a motion to quash pursuant to Fed. R. Civ. P. 45 (d)(3). Furthermore, pursuant to Rule 45(e)(2), JL Associates has never provided to Plaintiffs a description of the nature of the documents, communications or tangible things that were privileged or otherwise protected from being produced pursuant to the Subpoena.

### B.     Plaintiffs Made a Good Faith Effort to Resolve JL Associates' Objections

JL Associates alleges that Plaintiffs made no good faith effort to resolve their differences. This is simply not true. JL Associates initially refused to produce any documentation in response to a Court ordered Subpoena. Upon the filing of the Motion and conference with this Court, JL Associates produced the tax returns and subsequently the year-end financial statements for Omni Construction from 2015-2018. Plaintiffs' counsel inquired about the additional documentation requested in the Subpoena as it concerned Omni Construction (i.e. the financial statements for Omni Construction: documents reviewed or used in preparation of the tax returns, and schedules, attachments and related documents concerning the tax returns). *Plaintiffs' Motion at Exhibit A, Subpoena.* JL Associates indicated that it has not represented Omni Construction in some time

and that this was all of the financial information that JL Associates has in its possession. *Exhibit B.* However, the year-end financial statements for 2018 for Omni Construction and 2018 tax returns could not have been produced by JL Associates until this year. Thus, JL Associates has clearly provided accounting services to Omni Construction during this year. Consequently, it is unfathomable that JL Associates has such scant financial documentation in its possession and control concerning Omni Construction that is responsive to Plaintiffs' Subpoena.

Plaintiffs have a $5 million dollar judgment against Omni Construction. As further set forth in their Motion, Plaintiffs have indicated that they have the right under the law to the financial information concerning both Omni Construction and the Stones. JL Associates incorrectly states that Plaintiffs have made a, "lone statement in Plaintiffs' Motion that 'Plaintiffs are confident that access to Mr. and Mrs. Stone's tax and financial information is necessary to uncover possible concealment or transfers of Omni Construction assets.'" *JL Associates' Opposition at p. 4.* Rather, in Plaintiffs' Motion, they have set forth the legal grounds as to why this information is relevant to be obtained concerning Omni Construction and the Stones. *See Motion at p. 2-4; Hardy Indus. Techs.*, 2017 U.S. Dist. LEXIS 206689 at *8-9 (N.D. Ohio Dec. 15, 2017) (compelling discovery of non-party's banking transactions and other confidential information when evidence demonstrated the non-party had special knowledge about defendant's assets and transfer of assets); *Aetna Group USA, Inc. v. AIDCO Int'l, Inc.*, No. 1:11-mc-023, 2011 U.S. Dist. LEXIS 61286, at *12-17 (S.D. Ohio June 8, 2011) (compelling discovery of non-party and his wife's tax and financial information when non-party had owned 100% of defendant company and discovery was relevant to determining whether non-parties received income or assets from the dissolution of defendant company); *National Union Fire Ins. Co. v. Van*

*Waevenberghe*, 148 F.R.D. 256 (N.D. Ind. 1993) (holding that information regarding employment, assets, and finances of judgment debtor, as well as his wife, were relevant and material, even though debtor's wife was not defendant or judgment debtor).

Plaintiffs have asserted that they are entitled to post-judgment discovery of both Defendant Omni Construction's and the Stones' tax and financial information. After Plaintiffs obtained a large judgment against Omni Construction, the company ceased doing business. The assets of Omni Construction are largely unaccounted for, which raises many questions regarding whether those assets may have been transferred elsewhere in an attempt to shield them from Plaintiffs' judgment execution efforts. As the President and sole shareholder of Omni Construction, Mr. Stone is necessarily intertwined with Omni Construction, and is in the best position to know about Omni Construction's assets and transfer of assets. Plaintiffs are confident that access to the Stones' tax and financial information is necessary to uncover possible concealment or transfers of Omni Construction's assets.

On August 5, 2019, Plaintiffs filed a complaint in this Court against the Stones, Omni Construction, and another non-party in this Court in the case captioned as *Primrose Retirement Communities, L.L.C., et al. v. Omni Construction Company, Inc., et al.,* Case Number 1:19-cv-1771 (the "**Stones Litigation**"). In the Stones Litigation, Plaintiffs have asserted claims based on fraudulent transfers, preferential transfers, and corporate alter ego and piercing. Specifically, Plaintiffs have asserted that Omni Construction made the following transfers to the Stones: (i) for year 2015, transfers consisting of shareholder distributions of $37,148.00; (ii) for year 2016, transfers consisting of shareholder distributions totaling $568,453.93; (iii) for year 2017, transfers totaling$1,042,955.20 consisting of shareholder distributions of $412,955.20 and

shareholder loan payments of $630,000.00; and (iv) for year 2018 through March 31, 2018 shareholder distributions of $245,000.00.

Plaintiffs have sought information from JL Associates pursuant to the Subpoena in their post-judgment action against Omni Construction. This Subpoena was issued by Plaintiffs prior to the filing of the Stones Litigation in order to determine the availability of assets against Omni Construction and whether claims existed against the Stones. The Stones Litigation is in its infancy stage, and it is unclear if the Stones will provide the financial information requested from JL Associates during the discovery process. Thus, the recently filed Stones Litigation should not be permitted to be utilized by JL Associates to avoid complying in full with the Subpoena.

## III.	CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their *Motion to Compel Production of Documents in Response to Subpoena Issued to Non-Party JL Associates, Inc..*

Respectfully submitted,

/s/ Tami Hart Kirby
Tami Hart Kirby, Esq. (0078473)
PORTER WRIGHT MORRIS & ARTHUR LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402-2028
Telephone: (937) 449-6721
Facsimile: (937) 449-6820
E-mail: tkirby@porterwright.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4, 2019, a true and accurate copy of the foregoing Plaintiffs' *Reply Memorandum in Support of its Motion to Compel Production of Documents in Response to Subpoena Issued to Non-Party JL Associates, Inc.* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. The foregoing was also was served via regular U.S. mail and electronic mail upon:

Jeffrey A. Leikin, LLC
55 Public Square, Suite 2100
Cleveland, OH 44113
Phone: 216-230-8759
Email: jleikin59@gmail.com
*Attorney for non-party JL Associates, Inc.*

/s/ Tami Hart Kirby
Tami Hart Kirby, Esq. (0078473)

DMS/12702267v.1